# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

General Casualty Company of Wisconsin,

                              Plaintiff,

                                                    Civ. No. 07-3515 (RHK/AJB)
                                                    **MEMORANDUM OPINION
                                                    AND ORDER FOR
                                                    CERTIFICATION**

v.

Wozniak Travel, Inc. d/b/a Hobbit Travel,
and The Saul Zaentz Company d/b/a
Tolkien Enterprises,

                              Defendants.

Jeffrey A. Evans, Robert F.  Johnson, Cooke & Franke S.C., Milwaukee, Wisconsin,
Trina R. Alvero, James L. Haigh, Cousineau McGuire Chartered, Minneapolis,
Minnesota, for Plaintiff.

Christopher L. Lynch, Thomas C. Mielenhausen, Lindquist & Vennum PLLP,
Minneapolis, Minnesota, for Defendant Wozniak Travel d/b/a Hobbit Travel.

Blake Lawit, Jeffrey E. Faucette, Sarah Givan, Howard Rice Nemerovski Canady Falk &
Rabkin, San Francisco, California, Robert R. Weinstine, Tiffany A. Blofield, Winthrop &
Weinstine, PA, Minneapolis, Minnesota, for Defendant The Saul Zaentz Company d/b/a
Tolkien Enterprises.

# INTRODUCTION

       This case involves an insurance coverage dispute.  Plaintiff General Casualty Co.

of Wisconsin ("General Casualty") filed this declaratory-judgment action against

Defendants Wozniak Travel, Inc. d/b/a Hobbit Travel ("Wozniak") and The Saul Zaentz

Co. d/b/a/ Tolkien Enterprises ("Tolkien"), seeking a declaration that it need not provide

coverage to Wozniak in defending a trademark-infringement action that Tolkien filed against Wozniak.  General Casualty has now moved for summary judgment, asserting that it has no duty to defend or indemnify Wozniak in the underlying action, and Wozniak has cross-moved for partial summary judgment as to General Casualty's duty to defend.[1]  Because the dispositive issue in this case is whether trademark infringement constitutes "advertising injury" under a commercial insurance policy, an issue that is unsettled in Minnesota, the Court will certify this issue to the Minnesota Supreme Court and will stay both Motions.[2]

## BACKGROUND

Wozniak is a Minnesota corporation that has operated a travel agency under the name "Hobbit Travel" since 1976.  (Compl. ¶ 2.)  In March 2000, Wozniak began to expand its business beyond Minnesota, primarily through the use of Internet websites that incorporate the word "Hobbit" in the domain names.  (Tolkien's Resp. Mem. Ex. A. at 1; Wozniak's Mem. at 8.)  General Casualty is a Wisconsin company that has issued Commercial General Liability Insurance ("CGL Policy") and Commercial Umbrella Liability Insurance ("CUL Policy") to Wozniak since 1993.  (Compl. ¶ 1; Mielenhausen Aff. Exs. 1-2.)

In September 2006, Tolkien filed a trademark-infringement action against Wozniak in the United States District Court for the Northern District of California.

---

[1] Wozniak also seeks the dismissal of Tolkien from this action and has requested that the Court stay the remainder of this case pending resolution of the underlying action.

[2] The parties have addressed the propriety of certification.

(Tolkien's Resp. Mem. Ex. A.)  Tolkien alleges that it owns the right to use and license marks related to The Hobbit and The Lord of the Rings ("Hobbit Marks") and that Wozniak engaged in the unauthorized use of the Hobbit Marks, including using the mark "Hobbit Travel" in connection with its travel agency and related services.  (Id.)  Wozniak promptly notified General Casualty of Tolkien's action and sought coverage for its defense, asserting that General Casualty has a duty to defend and indemnify Wozniak under the "advertising injury" portion of the CGL Policy and CUL Policy.  (Wozniak's Mem. at 4-11.)

General Casualty agreed to defend Wozniak against the Tolkien lawsuit, subject to a full reservation of rights, including the right to file a declaratory-judgment action challenging its obligation to defend Wozniak.  (Compl. ¶ 10.)  General Casualty then filed this declaratory-judgment action, seeking a judicial determination that trademark infringement does not trigger "advertising injury" coverage under the CGL Policy or the CUL Policy.[3]  (Pl.'s Mem. at 12-19.)

## ANALYSIS

State law governs the interpretation of insurance policies.  Nat'l Union Fire Ins. Co. of Pittsburgh v. Terra Indus., Inc., 346 F.3d 1160, 1164 (8th Cir. 2003).  The parties do not dispute that Minnesota law governs this case.  Under Minnesota law, the interpretation of an insurance policy is a question of law for the Court.  Watson v. United Servs. Auto. Ass'n, 566 N.W.2d 683, 688 (Minn. 1997).  When an insurance policy's

---

[3] General Casualty also argues that policy exclusions preclude coverage.  The Court, however, will not decide the applicability of the exclusions at this time.  Nonetheless, the Court notes that there appears to be merit to Wozniak's argument that none of the exclusions applies here.

language is unambiguous, the Court interprets that language "in accordance with its plain and ordinary meaning." <u>Ill. Farmers Ins. Co. v. Glass Serv. Co.</u>, 683 N.W.2d 792, 799 (Minn. 2004). When an insurance policy's language is ambiguous, however, the Court will generally construe that language against the drafter (the insurer) and in favor of the insured. <u>Nathe Bros., Inc. v. Am. Nat'l Fire Ins. Co.</u>, 615 N.W.2d 341, 344 (Minn. 2000).

An insurer's duty to defend extends to every claim that 'arguably' falls within the scope of coverage . . . regardless of the merits of the underlying claims." <u>Wooddale Builders, Inc. v. Maryland Cas. Co.</u>, 722 N.W.2d 283, 302 (Minn. 2006) (citations omitted). An insurer seeking to avoid its duty to defend has the burden of demonstrating that all claims fall outside the scope of the insurance policy. <u>Metropolitan Prop. & Cas. Ins. Co. v. Miller</u>, 589 N.W.2d 297, 299 (Minn. 1999).

Wozniak contends that General Casualty has a duty to defend the underlying trademark-infringement action because coverage arguably exists within the definition of "advertising injury" in both the CGL and CUL Policies. Trademark infringement is not mentioned in ether the CGL Policy or the CUL Policy. The CGL Policy defines "advertising injury" in pertinent part as an "injury arising out of . . . [m]isappropriation of advertising ideas or style of doing business" or "[i]nfringement of copyright, title or slogan." (Christenson Aff. Ex. 2 at 34.) The CUL Policy defines "personal and advertising injury" in relevant part as (1) "the use of another's advertising idea in [Wozniak's] 'advertisement'," or (2) "infringing upon another's copyright, trade dress or

slogan in [Wozniak's] 'advertisement'." [4]   (Id. Ex. 3 at 19.)  General Casualty, on the

other hand, argues that the language in the CGL Policy and the CUL Policy was not

meant to cover claims of trademark infringement and therefore it does not have a duty to

defend Wozniak in the underlying action.

Under Minnesota law, advertising-injury coverage is triggered if: (1) the

advertising injury occurs during the course of the insured's advertising activities; (2) the

injury arguably falls within the policy's defined scope of advertising-injury coverage; and

(3) none of the exclusions in the policy applies.  Fluoroware, Inc. v. Chubb Group of Ins.

Cos., 545 N.W.2d 678, 681 (Minn. Ct. App. 1996).  The central issue in this case is

whether trademark infringement constitutes "advertising injury" under the CGL Policy

and/or CUL Policy.  This question is governed by Minnesota law, but the Minnesota

Supreme Court has not decided whether trademark infringement falls within the

definition of advertising injury.  Under these circumstances, this Court normally would

attempt to predict how the Minnesota Supreme Court would rule if faced with this issue.

Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 401 F.3d 901, 917-18 (8th Cir. 2005).

But, that task is complicated by the fact that there are two competing cases that have

addressed this issue.  The Minnesota Court of Appeals, in an unpublished decision, has

held that trademark infringement falls within the definition of advertising injury.  See

---

[4] Before August 21, 2003, coverage for (and the definition of) "advertising injury" was the same
under the CGL Policy and CUL Policy, although neither defined the term "advertisement."  (See
Wozniak's Mem. at 5.)  After August 21, 2003, General Casualty modified the CUL Policy by
changing the definition of "advertising injury," adding the definition of "advertisement," and
adding three new exclusions without providing notice to Wozniak other than furnishing a copy of
the policy.  (Id.)  These changes, however, were not made to the CGL Policy.

Williamson v. N. Star Cos., No. C3-96-1139, 1997 WL 53029 (Minn. Ct. App. Feb. 11, 1997), review denied (Apr. 15, 1997).  Two years later, however, the Eighth Circuit Court of Appeals, in a case governed by Minnesota law, held that trademark infringement does not fall within the definition of advertising injury.  See Callas Enters., Inc. v. Travelers Indem. Co. of Am., 193 F.3d 952 (8th Cir. 1999).

## I.    Split of Authority

### A.    The 1997 Williamson decision of the Minnesota Court of Appeals

In Williamson, the Kirby Company Division ("Kirby") sold its vacuum cleaners exclusively through authorized Kirby dealers.  1997 WL 53029, at *1.  Stan Williamson, doing business as The Vacuum Doctor ("Williamson"), operated a small, independent vacuum cleaner store in Austin, Minnesota.  Id.  Although not an authorized Kirby dealer, Williamson legally obtained new Kirby vacuum cleaners from an authorized dealer to sell to the public.  Id.  Williamson advertised in local newspapers "that he could special order Kirby vacuum cleaners and that he was a certified Kirby technician."  Id.  The advertisements noted that he was not an authorized Kirby dealer.  Id.

Based on the advertisements, Kirby sued Williamson in federal court, alleging among others a claim for trademark infringement.  Id.  Williamson counterclaimed, alleging defamation, deceptive trade practices, consumer fraud, unfair competition, and trade disparagement.  Id.

Williamson had liability insurance with North Star Companies ("North Star") under a policy that "obligated North Star to defend Williamson against claims for damages resulting from 'advertising injury.'"  Id.  North Star agreed to pay the

reasonable costs of Williamson's defense, but would not pay for prosecuting his counterclaims.  Id.  North Star stated that it would stop providing for his defense in the event that Kirby's allegations were "valid."  Id.  North Star did not deny that there was coverage.  Id.  Before trial, Kirby offered to settle all of its claims against Williamson in exchange for dismissal of Williamson's counterclaims and his agreement to a series of limitations on his use of the Kirby name in advertising.  Id.  North Star urged Williamson to settle the lawsuit and warned him that if he pursued the action then it would no longer pay for his defense.  Id.  Williamson did not settle, and North Star withdrew from Williamson's defense on the basis that his refusal to settle was unreasonable.  Id.  At the federal trial, Kirby was awarded nothing, and Williamson was granted judgment for $90,000 on his defamation counterclaim.  Id. at *2.

Williamson then commenced an action against North Star in Minnesota state court, alleging breach of the insurance contract for withdrawing from his defense.  Id.  The Minnesota trial court granted Williamson's motion for summary judgment, awarding him his attorney fees and costs incurred in defending the underlying action and in prosecuting his breach-of-contract claim against North Star.  Id.  The court reasoned that the insurance policy required North Star to defend against "advertising injury" claims.  Id.

North Star appealed, arguing that it had no duty to defend Williamson because Kirby's claims did not fall within the definition of advertising injury.  Id. at *3.  The North Star policy defined "advertising injury" as an "injury arising out of . . .

[m]isappropriation of advertising ideas or style of doing business" or "[i]nfringement of copyright, title or slogan." Id. at 3-4.[5]

The Minnesota Court of Appeals affirmed the trial court's decision and determined that trademark infringement was included in the definition of advertising injury.  The court reasoned that the word "title" was meant to be interpreted in an intellectual property sense because it appeared in the same clause with the term "copyright." Id. at *4.  "A 'title' becomes a trademark through extended usage or by compliance with statutory registration." Id. (citation omitted).  Accordingly, the court held that the policy arguably covered the alleged trademark-infringement claim.[6] Id.

## B.    The 1999 Callas decision of the Eighth Circuit Court of Appeals

In Callas, Sbemco, Inc. manufactured custom safety floor matting.  193 F.3d at 954.  Callas Enterprises, Inc. ("Callas") sold Sbmeco's products in Minnesota and two other states through an exclusive right-to-sell agreement. Id.  In 1996, Sbemco filed suit against Callas in this Court, alleging that Callas had breached the contract by selling non-Sbemco products to Sbemco customers. Id.  Sbemco asserted several claims against Callas, most notably for breach of contract and trademark infringement. Id.  Callas then commenced a separate declaratory-judgment action against Travelers Indemnity Company of America ("Travelers") in this Court, seeking a declaration that Travelers had a duty to defend and indemnify Callas in the underlying action. Id.  Callas sought coverage under the "advertising injury" section of its insurance policy, which had the

---

[5] This is the identical language found in the CGL Policy at issue here.

[6] The Court notes that the Minnesota Supreme Court denied further review.

same definition of "advertising injury" as the policy in <u>Williamson</u>. <u>Id.</u> at 954-55. The policy, however, excluded coverage for advertising injuries "arising out breach of contract." <u>Id.</u> at 955. The District Court, applying Minnesota law, determined that there was no coverage because of the breach-of-contract exclusion in the policy. <u>Id.</u>

The Eighth Circuit affirmed and, applying Minnesota law, held that all of the claims in the underlying action were excluded because they arose out of the breach of contract. <u>Id.</u> at 955-56. The court went further and held that other grounds existed for denial of coverage. <u>Id.</u> at 956. In particular, it rejected Callas's argument that "the district court erred by not determining whether Sbemco's trademark infringement claim constituted advertising injury for which the policy provided coverage." <u>Id.</u> Although the District Court had not addressed this issue in its opinion, the Eighth Circuit determined that trademark infringement did not constitute advertising injury. <u>Id.</u> In so ruling, the Eighth Circuit made no reference to Minnesota law. Rather, it adopted the reasoning of two decisions from the Sixth Circuit. <u>Id.</u> at 956-57 (relying on <u>Advance Watch Co. v.</u> <u>Kemper Nat'l Ins. Co.</u>, 99 F.3d 795 (6th Cir. 1996) (applying Michigan law and reasoning that "misappropriation of advertising ideas or style of doing business" provision could not be so broadly construed as to include trademark and trade dress infringement and that the absence of any reference to trademark and trade dress infringement within the insurance agreement indicates an intent by insurers not to provide coverage) and <u>ShoLodge, Inc. v. Travelers Indem. Co. of Ill.</u>, 168 F.3d 256 (6th Cir. 1999) (applying Tennessee law and holding that trademark and service mark infringement did not fall within the "copyright, title, or slogan" provision of advertising

injury because a trademark was not copyrightable, it was not a slogan and could not be considered a title because that term was not ambiguous)).

As a result of the foregoing, this Court is faced with two conflicting decisions on the same issue.  In the Court's view, certification of this issue, which is a matter of Minnesota law, would allow the Minnesota Supreme Court to finally resolve this conflict.

## II.    Certification to the Minnesota Supreme Court

The choice of whether to certify a question to the Minnesota Supreme Court rests in the sound discretion of the Court.  Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974). Minnesota has adopted the Uniform Certification of Questions of Law Act, pursuant to which "[t]he supreme court of [Minnesota] may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this state."  Minn. Stat. § 480.065, subd. 3 (2007).

Here, there is no controlling appellate decision in Minnesota on whether trademark infringement falls within the definition of advertising-injury coverage of a CGL policy. Williamson is an unpublished decision from the Minnesota Court of Appeals and such opinions "are not precedential."  See Minn. Stat. § 480A.08, subd. 3(b).  A federal district court exercising diversity jurisdiction is bound only by state law as determined by the highest state court.  Foy v. Klapmeier, 992 F.2d 774, 780 (8th Cir. 1993).  Nonetheless, an unpublished decision is not a secret opinion and therefore "can be of persuasive value."  See Dynamic Air, Inc. v. Bloch, 502 N.W.2d 796 (Minn. Ct. App. 1993); Baxter Int'l, Inc. v. Morris, 976 F.2d 1189, 1196 (8th Cir. 1992) ("Although federal courts are

not bound to follow the decisions of intermediate state courts when interpreting state law, state appellate court decisions are highly persuasive and should be followed when they are the best evidence of state law.").

Callas is a published decision from the Eighth Circuit Court of Appeals and such opinions are binding on this Court.  See BPS Guard Servs., Inc. v. NLRB, 942 F.2d 519, 524 (8th Cir. 1991) (stating that holdings of the Eighth Circuit Court of Appeals are "binding on all inferior courts and litigants" within the Circuit).  But, with respect to the issue at hand, the Eighth Circuit in Callas did not rely on, or even reference, Minnesota law, but instead relied solely on two Sixth Circuit cases, Advance Watch (applying Michigan law) and ShoLodge (applying Tennessee law).[7]  Notably, in Callas, the Eighth Circuit was advised of Williamson in the principal briefs and in the petition for rehearing en banc.  When Minnesota law applies in a diversity case, the Eighth Circuit has previously stated that it is "bound by decisions of the Minnesota Supreme Court, and if that court has not considered [the] issue, [the Eighth Circuit] must follow decisions of the

_____

[7] The Sixth Circuit's decisions in Advance Watch and ShoLodge have been sharply criticized and rejected by the majority of courts.  See, e.g., Charter Oak Fire Ins. Co. v. Hedeen & Cos., 280 F.3d 730, 736 (7th Cir.  2002) (rejecting the holdings in ShoLodge and Callas); Hyman v. Nationwide Mut. Fire Ins. Co., 304 F.3d 1179, 1189 (11th Cir. 2002) (noting that the majority of courts have rejected the reasoning of Advance Watch and citing cases); Adolfo House Distrib. Corp. v. Travelers Prop. & Cas. Ins. Co., 165 F. Supp. 2d 1332, 1339 (S.D. Fla. 2001) (Advance Watch's "restrictive gloss on the concept of 'misappropriation' conflicts with the basic rules of insurance contract interpretation followed . . . in multiple jurisdictions.").  Interestingly, even a Michigan court considered the Sixth's Circuit's decision in Advance Watch to be a misapplication of Michigan law.  See American States Ins. Co. v. Hayes Specialties, Inc., No. 97-020037 CK 4, 1998 WL 1740968 at *3 (Mich. Cir. Ct. March 6, 1998) ("the analysis and reasoning of the Sixth Circuit is not only unpersuasive and flawed, but demonstrates a lamentable lack of understanding and grasp of the law of trademark/trade dress, and ultimately led to an unduly narrow holding and somewhat bizarre and tortured application of Michigan insurance law").

Minnesota Court of Appeals if they are the best evidence of Minnesota law." <u>Hope v. Klabal</u>, 457 F.3d 784, 790 (8th Cir. 2006). Yet, the Eighth Circuit in <u>Callas</u> did not mention <u>Williamson</u> in its decision.

This Court recognizes that <u>Williamson</u> is an unpublished opinion, but it does remain as the best evidence of Minnesota law. This Court is persuaded by <u>Williamson</u>, and by the vast majority of cases that have reached the same conclusion. <u>See, e.g.</u>, <u>Hyman v. Nationwide Mut. Fire Ins. Co.</u>, 304 F.3d 1179, 1189 (11th Cir. 2002). Nevertheless, in view of <u>Callas</u>, certification of this issue to the Minnesota Supreme Court will permit that Court to give a definitive answer to this important question of Minnesota law.

## III.    Questions of Law to be Answered

Pursuant to Minn. Stat. § 480.065, subd. 3, the following questions are certified to the Minnesota Supreme Court:

1) Does trademark infringement fall within the scope of "misappropriation of advertising ideas or style of doing business" or constitute "infringement of copyright, title or slogan" as set forth in the CGL policy?

2) Is a trademark an "advertising idea" or does trademark infringement constitute "infringing upon another's copyright, trade dress or slogan" as set forth in the CUL Policy?

This Court acknowledges that the Minnesota Supreme Court, acting as the receiving court, may reformulate the questions of law set forth above. <u>See</u> Minn. Stat. § 480.065, subd. 6(a)(3).

**IV.    Names and Addresses of Counsel of Record**

There are no parties that have appeared without counsel, and the names and

addresses of the counsel of record are as follows:

General Casualty Company of Wisconsin is represented by:

Jeffrey A. Evans
Robert F.  Johnson
Cooke & Franke S.C.
660 East Mason St.
Milwaukee, WI 53202-3877

Trina R. Alvero
James L. Haigh
Cousineau McGuire Chartered
1550 Utica Avenue South, Suite 600
Minneapolis, MN 55416-5318

Wozniak Travel, Inc. d/b/a Hobbit Travel is represented by:

Christopher L. Lynch
Thomas C. Mielenhausen
Lindquist & Vennum PLLP
80 South 8th St., Suite 4200
Minneapolis, MN 55402

The Saul Zaentz Company d/b/a Tolkien Enterprises is represented by:

Blake Lawit
Jeffrey E. Faucette
Sarah Givan
Howard Rice Nemerovski Canady Falk & Rabkin
Three Embarcadero Center, 7th Fl.
San Francisco, CA 94111-4024

Robert R. Weinstine
Tiffany A. Blofield
Winthrop & Weinstine, PA
225 South 6th St., Suite 3500
Minneapolis, MN 55402-4629

**CONCLUSION**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Wozniak's Motion for Partial Summary Judgment, Dismissal of a Party, and Stay (Doc. No. 23) and General Casualty's Motion for Summary Judgment, or in the alternative, Partial Summary Judgment (Doc. No. 81) are **STAYED**, pending the certification process and further order of this Court.  The Clerk of the Court is directed to forward this Order of Certification to the Supreme Court of the State of Minnesota under the official seal of this Court.

Dated: February 14, 2008                                      s/Richard H. Kyle
                                                              RICHARD H. KYLE
                                                              United States District Judge